**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X    Case No. 18-cv-00748
CYNTHIA RICHARDS, on behalf of herself
individually and all others similarly situated,

                                        Plaintiff,

                                                                    **CLASS ACTION**
                                                                    **COMPLAINT**

          -against-


CREDIT CONTROL, LLC,

                                        Defendant.
-------------------------------------------------------------------X

          Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC,

upon knowledge as to herself and her own acts, and as to all other matters upon

information and belief, brings this complaint against above-named defendant and in

support thereof alleges the following:

                              INTRODUCTION

          1.      This is an action for damages brought by an individual

consumer and on behalf of a class and subclass for defendant's violations of the Fair

Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits

debt collectors from engaging in abusive, deceptive and unfair acts and practices.

          2.      Further, this is an action for damages and injunctive relief brought

by an individual consumer against defendant pursuant to New York General Business

Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4.      This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

PARTIES

5.      Plaintiff is a natural person who resides in this District.

6.      Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7.      The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted credit card account originally owned by HSBC Bank Nevada N.A. and subsequently acquired by Capital One Bank (USA), N.A. and whose balance was incurred for personal, family or household purposes.

8.      Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9.      Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10.      The principal purpose of defendant's business is the collection of defaulted consumer debts.

11.    Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12.    Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13.    Upon  information  and  belief, defendant is a foreign limited liability company incorporated in Missouri.

FACTUAL ALLEGATIONS

14.    Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15.    Defendant sent a collection letter to plaintiff dated February 3, 2017.

16.    In the letter, defendant informed plaintiff that his defaulted HSBC account had been purchased by an entity named LVNV Funding LLC.

17.    In the letter, defendant also informed plaintiff that his account had been assigned to defendant for collection.

18.    Further, in the letter, defendant stated: "Balance Due: $1,033.24."

19.    Defendant also stated in the letter, in pertinent part:

"Because of interest, late charges and other charges that may be assessed by your creditor that vary from day to day, the amount due on the day you pay, may be greater. Thus, if you pay the total amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you."

20.    Defendant's said statement concerning interest, late charges and other charges is false, deceptive and misleading.

21.    Subsequent to the alleged default, Capital One wrote off the balance of the debt as a bad debt.

22.     Capital One wrote off the debt as a bad debt no later than in January 2016.

23.     Upon writing off the debt as a bad debt, Capital One ceased sending periodic billing statements to plaintiff.

24.     Upon writing off the debt as a bad debt, Capital One ceased adding interest to the debt balance.

25.     Upon writing off the debt as a bad debt, Capital One waived the addition of interest to the debt balance.

26.     The debt balance which Capital One wrote off was $1,033.24.

27.     Plaintiff's debt balance did not increase after the date Capital One wrote off the debt.

28.     Plaintiff's debt balance would not increase due to interest, late charges or other charges after the date Capital One wrote off the debt.

29.     There was no chance the debt balance would increase due to interest, late charges or other charges after the date Capital One wrote off the debt because Capital One waived the addition of interest after the date of the write-off.

30.     Defendant alleged in its collection letter that LVNV Funding had purchased plaintiff's account.

31.     LVNV Funding's alleged purchase of plaintiff's account occurred after Capital One wrote off the debt balance.

32.     On information and belief, LVNV Funding allegedly purchased plaintiff's account in or around January 2017.

33.    Plaintiff's debt balance did not increase in the twelve months between Capital One's write-off of the debt and LVNV's alleged purchase of it, but instead the balance remained at $1,033.24.

34.    Defendant sent its collection letter to plaintiff within a few days following LVNV Funding's alleged purchase.

35.    Defendant sent the letter on behalf of LVNV Funding.

36.    Defendant sent the letter in an effort to collect plaintiff's said defaulted Capital One debt.

37.    Defendant's letter caused plaintiff to believe that the balance of his alleged debt would now begin to increase from day to day because of the addition of interest, late charges and other charges by LVNV Funding.

38.    Plaintiff's belief was erroneous because his debt balance was not in fact accruing interest.

39.    Plaintiff's debt balance was not in fact accruing late charges or other charges.

40.    In or around January 2018, plaintiff obtained a copy of her credit report.

41.    LVNV Funding reported a tradeline for the debt on said credit report.

42.    LVNV Funding reported on the credit report that the debt balance as of January 10, 2018 was still $1,033.

43.    Defendant's said statement in its letter that plaintiff's debt balance would accrue interest, late charges and other charges from day to day caused plaintiff to suffer confusion, emotional anxiety, distress, stress, agitation and irritation.

AS AND FOR A FIRST CAUSE OF ACTION

*False statement that amount due may be greater*
*because of accrual of interest, late charges and other charges*

15 U.S.C. §§ 1692e and 1692e(2)(A)

44.    Plaintiff re-alleges paragraphs 1-43 as if fully re-stated herein.

45.    Defendant's statement in its collection letter that plaintiff's account may accrue interest, late charges and other charges that may vary from day to day and so the amount due on the day she pays may be greater, is false, deceptive and misleading.

46.    On the date defendant sent its collection letter, plaintiff's account was not accruing interest.

47.    On the date defendant sent its collection letter, plaintiff's account was not accruing late charges or other charges.

48.    During the entire time the debt was placed with defendant, plaintiff's debt balance remained at $1,033.24.

49.    During the two years following Capital One's write-off of the debt balance in January 2016 to January 2018, the balance remained at $1,033.24.

50.    Defendant included the statement about the accrual of interest, late charges and other charges in collection letters concerning debts whose balances were not accruing interest, late charges or any other charges.

51.    Defendant included the statement about the accrual of interest, late charges and other charges in collection letters concerning debts whose balances would not be greater in the future.

52.    Defendant included the statement about the accrual of interest, late charges and other charges to scare plaintiff into quickly paying the debt.

53.    Defendant included the statement about the accrual of interest, late charges and other charges to scare the least sophisticated consumer into quickly paying the debt.

54.    Defendant's inclusion of the statement about the accrual of interest, late charges and other charges in the collection letter to plaintiff is therefore a false representation of the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

55.    Defendant's inclusion of the statement about the accrual of interest, late charges and other charges in the collection letter to plaintiff constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e.

AS AND FOR A SECOND CAUSE OF ACTION

NYGBL § 349

56.    Plaintiff re-alleges paragraphs 1 to 55 as if fully re-stated herein.

57.    Each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

58.    Defendant's deceptive and misleading acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

59.    The collection letter dated February 3, 2017 which defendant sent to plaintiff is a mass-mailed form letter used by defendant.

60.    The collection letter dated February 3, 2017 is derived from a form of letter used by defendant.

61.    The collection letter dated February 3, 2017 is derived from a letter template used by defendant.

62.    Each year defendant sends to thousands of consumers within New York State its collection letters containing the statement about the accrual of interest, late charges and other charges, notwithstanding the fact that no interest or other charge was accruing on the debt balances, similar to the letter defendant sent to plaintiff.

63.    Defendant's said statement was consumer-oriented.

64.    Defendant sends the collection letter concerning debts whose balances will not be greater because of the accrual of interest or other charge.

65.    Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

66.    Defendant's letter caused plaintiff to believe that the balance of her alleged debt would increase from day to day because of the assessment of interest, late charges and other charges by LVNV Funding.

67.    Defendant's letter would cause the reasonable consumer to believe that the balance of her alleged debt would increase from day to day because of the assessment of interest, late charges and other charges by LVNV Funding.

68.    Plaintiff's belief was erroneous because LVNV Funding did not assess and would not assess interest, late charges or other charges on her debt balance.

69.    Plaintiff's debt balance was not in fact accruing interest, late charges or other charges.

70.    Defendant's said statement in its letter that plaintiff's debt balance would accrue interest, late charges and other charges from day to day caused plaintiff to suffer confusion, emotional anxiety, distress, stress, agitation and irritation.

71.    Defendant's said statement was misleading and deceptive in a material way.

72.    Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

CLASS ALLEGATIONS

73.    Plaintiff re-alleges paragraphs 1-72 as if fully re-stated herein.

74.    This action is brought on behalf of plaintiff and the members of a class and subclass. The class consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated February 3, 2017; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(2)(A). The class does not include defendant or persons who are officers, directors or employees of defendant.

75.    The class shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a letter in an attempt to collect a charged-off Capital One Bank (USA), N.A. credit card debt on behalf of LVNV Funding LLC, which letter states, in sum or substance, that because of interest, late charges and other charges that may be assessed by the creditor the amount due on the day of payment may be greater, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

76.     The subclass consists of all persons who defendant's records reflect were sent debt collection letters within the County of New York, State of New York within the period of time  commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated February 3, 2017; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§ 1692e and 1692e(2)(A). The subclass does not include defendant or persons who are officers, directors or employees of defendant.

77.     The subclass shall be defined as follows:

*All natural persons with addresses within the County of New York, State of New York to whom defendant sent a letter in an attempt to collect a charged-off Capital One Bank (USA), N.A. credit card debt on behalf of LVNV Funding LLC, which letter states, in sum or substance that because of interest, late charges and other charges that may be assessed by the creditor the amount due on the day of payment may be greater, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

78.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the classes are so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether defendant violated the FDCPA by including in its collection letters the statement about the debt balance becoming greater because of assessment of interest, late charges and other charges by LVNV Funding, in violation of the FDCPA, §§ 1692e and 1692e(2)(A).

(C)    The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D)    The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)    Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

79.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

80.    If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

81.    Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

82.    As a result of the above violations, defendant is liable to plaintiff and the members of the classes for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a)     certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)     awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c)     awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d)     awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e)     awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f)     enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff and the classes, pursuant to NYGBL § 349;

(g)     awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h)     awarding, in the alternative, statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i)     awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j)     for such other and further relief as may be just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
        January 27, 2018.


                                    */s/  Novlette R. Kidd*
                                    NOVLETTE  R. KIDD, ESQ. (NK 9339)
                                    FAGENSON & PUGLISI, PLLC
                                    Attorneys for Plaintiff
                                    450 Seventh Avenue, Suite 704
                                    New York, New York 10123
                                    Telephone: (212) 268-2128
                                    Nkidd@fagensonpuglisi.com